**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

VLADIMER MODEBADZE,

          Petitioner,

          v.

LUIS SOTO, et al.,

          Respondents.

Civil Action No. 26-1687 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court upon Petitioner's motion to enforce (ECF No. 6) this Court's order granting him a bond hearing (ECF No. 3). By way of background, Petitioner argued in his petition that he was improperly being held pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 1.) This Court agreed, and on February 20, 2026, ordered the Government to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). (ECF No. 3.) On March 2, 2026, an immigration judge conducted that bond hearing and denied Petitioner's request for release on bond finding that Petitioner had "not met his burden of establishing that he is not a flight risk. He has failed to establish he is likely to appear at future immigration court proceedings or to comply with the orders of this Court." (*See* ECF No. 5-1.)

Petitioner thereafter filed his current motion. (ECF No. 6.) Petitioner argues that his bond hearing did not comport with Due Process because the immigration judge improperly placed the burden of proof on him rather than on the Government. Petitioner also argues that he was not provided adequate notice of the bond hearing when he received notice on February 23, seven days before the bond hearing. (*Id.*) The Government filed opposition to the motion. (ECF No. 7.)

The Court first turns to Petitioner's argument regarding the burden of proof. Petitioner contends that the Government should have borne the burden of proving he was a flight risk or

danger to the community at his bond hearing, relying on cases dealing with prolonged detention under 8 U.S.C. § 1226(c). As this Court explained in *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1 (D.N.J. Nov. 21, 2025), however, aliens such as Petitioner, although not subject to detention under § 1225(b)(2), are subject to the Government's discretionary detention authority under § 1226(a). Pursuant to that authority, the Government may detain aliens, but aliens must be accorded a bond hearing at which petitioners, and not the Government, bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, "[n]o court may set aside" the immigration judge's decision as to "the denial of bond." 8 U.S.C. § 1226(e). Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing. That Petitioner disagrees with how the immigration judge weighed the evidence serves as no basis for relief, and this Court has no jurisdiction to second-guess that determination. 8 U.S.C. § 1226(e).

Next, Petitioner argues that his bond hearing was unfair because he had only seven days' notice of his bond hearing. According to Petitioner, he only had "four working days" to prepare evidence for that hearing and, thus, could not adequately develop the record at his bond hearing. Although an alien may not challenge the outcome of a bond hearing through a habeas petition, he may challenge the fundamental fairness of the procedures used during his bond hearing. *See, e.g., Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). An alien receives a fundamentally fair bond hearing when the bond hearing provides: (1) "factfinding based on a record produced before the decisionmaker and [which is] disclosed to

him or her"; (2) an opportunity to "make arguments on his . . . own behalf"; and (3) the "right to an individualized determination of his . . . interests." *Id.*

Petitioner has not shown that the bond hearing in this matter was fundamentally unfair. Petitioner asserts that he only had "four working days" to prepare for his bond hearing based on being given notice of the hearing on February 23, 2026. Petitioner, however, had notice on February 20, 2026, that a bond hearing would be conducted "within ten days" by way of the Court's text order. (ECF No. 3.) Further, in his habeas petition, Petitioner recognized that a bond hearing under 8 U.S.C. § 1226(a) would be the likely relief if the Court granted his petition. (*See* ECF No. 1 at 12.) The Court does not find Petitioner's argument persuasive because Petitioner insisted on an immediate grant of relief in his habeas petition but now faults the immigration judge for holding the bond hearing he sought within the short period that the Court ordered. Petitioner cannot now convincingly argue that the granting of immediate relief on short notice was improper.

While it may have been better in hindsight for Petitioner to request an adjournment of his hearing, the fact that Petitioner only had the ten days the Court provided to prepare for his bond hearing did not render that hearing fundamentally unfair. Petitioner had an opportunity to prepare for the hearing within the time frame the Court provided and within the week between receiving notice of the hearing date and the hearing. Petitioner also had the opportunity to present whatever evidence and arguments he prepared to the immigration judge, who made a determination on the record. The record before the Court[1] thus does not support Petitioner's argument that he was denied a fundamentally fair bond hearing. Petitioner's motion to enforce this Court's judgment (ECF No. 6) is therefore denied. To the extent Petitioner wishes to challenge the merits of the

---

[1] The Court notes that Petitioner did not provide the Court with a transcript or recording of his bond hearing.

immigration judge's decision, he may only do so through the filing of an appeal with the Board of Immigration Appeals.

IT IS THEREFORE on this 17th day of April, 2026, ORDERED that:

1. Petitioner's motion to enforce this Court's judgment (ECF No. 6) is DENIED; and

2. The Clerk of the Court shall serve a copy of this Order upon the parties electronically and shall CLOSE the file.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

4